[686 NYS2d 480]

In the Matter of EMMANUEL JOSEPH LOBATO, an Attorney, Resignor.

Second Department, March 8, 1999

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Emmanuel Joseph Lobato has submitted an affidavit, dated November 6, 1998, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Lobato was admitted to the practice of law by the Appellate Division of the Supreme Court in the Second Judicial Department on May 2, 1979.

Mr. Lobato avers that he is currently the subject of a pending investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee). The complaint alleges, *inter alia,* that the respondent neglected a legal matter entrusted to him in or about January 1996 by failing to adequately pursue his client's lawful goals or to respond to repeated requests for status updates, withdrew $2,500 of the $5,000 retainer deposit from his IOLA account before he had earned that amount, withdrew an additional $2,000 of the retainer after he had been discharged and before he had earned that amount, failed to refund any of the retainer until approximately two months after the complaint was filed, and failed to respond to the complaint within the time periods provided in the Grievance Committee's letters.

Mr. Lobato avers that his resignation is submitted freely and voluntarily, that he has not been subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation. Mr. Lobato acknowledges that he could not successfully defend himself on the merits against charges predicated upon such professional misconduct.

Mr. Lobato is aware that pursuant to Judiciary Law § 90 (6-a), the Court could require him to make monetary restitution to any person whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection to the extent that any funds being held in a fiduciary capacity by third parties may not be accounted for. Mr. Lobato is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waived the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports the Court's acceptance of the respondent's resignation as being in the best interests of the public.

Under the circumstances, the proffered resignation is accepted, Mr. Lobato is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

Mangano, P. J., Bracken, S. Miller, O'Brien and Krausman, JJ., concur.

Ordered that the resignation of Emmanuel Joseph Lobato is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Emmanuel Joseph Lobato is disbarred, and his

name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Emmanuel Joseph Lobato shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Emmanuel Joseph Lobato is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.